IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES PALMER, | § | |
| | § | No. 361, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 2102002201(K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: July 24, 2024
Decided: August 27, 2024

Before **SEITZ**, Chief Justice, **VALIHURA**, and **LEGROW**, Justices.

## ORDER

On this 27th day of August, 2024, after considering the parties' briefs and the record below, it appears to the Court that:

(1) In September 2023, James Palmer was sentenced to 120 years at Level V incarceration, suspended after 35 years for decreasing levels of probation, after a Kent County jury found him guilty of Murder Second Degree, Assault First Degree, and two counts of Possession of a Deadly Weapon During Commission of a Felony.

(2) These charges arose out of a February 2022 altercation between Palmer and two others, Sergio Wilkerson and Laketa Trader, that resulted in Wilkerson being stabbed to death and Trader sustaining stab wounds to the abdomen, from which she ultimately recovered. At trial, the State presented a theory that Palmer

stabbed Wilkerson and Trader after getting into an argument at a party, whereas Palmer's theory was that he acted in self-defense or in defense of others and while he was under extreme emotional distress. Palmer did not contest that he in fact stabbed Wilkerson and Trader.

(3) Palmer now argues that the lead detective's testimony constituted improper vouching. Because he did not raise this claim below, we review for plain error. "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[1] Under plain error review, the defendant "bears the burden of persuasion with respect to prejudice."[2] Our review "is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[3]

(4) When asked to explain the process by which he identified Palmer as a suspect, Det. Grassi explained that,

> James Palmer was identified by people who had been at the gathering at both residences as being involved. Not only did they identify him as the person that did it, but they identified him a someone that they knew for a long time, so it made the identification solid. So consulting with the Attorney General's office, they approved charging Mr. Palmer for

---

[1] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[2] *Williams v. State*, 98 A.3d 917, 922 (Del. 2014) (internal quotation and citation omitted).
[3] *Wainwright*, 504 A.2d at 1100.

2

the incident, Murder First Degree and Possession of a Weapon During the Commission of a Felony.[4]

(5) Palmer contends that this statement constituted improper vouching because the only eyewitness to the stabbing, Jericho Sykes, was unfamiliar with Palmer and could not have identified him. Palmer also argues that Det. Grassi's testimony "identified Palmer as the one who 'did it,'" thereby prejudicing the jury. For two reasons, the trial court's failure to exclude this evidence *sua sponte* did not constitute plain error.

(6) First, Det. Grassi later clarified that although Palmer was "unknown" to Sykes at the time Sykes was interviewed, multiple witnesses from earlier in the night knew Palmer and placed him at the scene, and Det. Grassi was able to piece together Palmer's involvement in the stabbing using multiple interviews.[5] Accordingly, the jury understood how Det. Grassi used the witness interviews to identify Palmer as a suspect.

(7) Second, Palmer's contention that the statement was improper because it suggested that Palmer was the one who "did it," does not articulate the prejudice required under the plain error standard. Because even Palmer conceded at trial that he was involved in the stabbing, the issue at trial was not *whether* Palmer "did it,"

---

[4] App. to Opening Br. at A128.
[5] *Id*. at A130.

3

but *why*. Because Det. Grassi's testimony did not speak to this issue, we find no plain error in the admission of the evidence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is affirmed.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice